UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:09CV-P32-R

MICHAEL ADAM CARNEAL                                                  PETITIONER

v.

J. DAVID DONAHUE                                                     RESPONDENT

<u>MEMORANDUM AND ORDER</u>

On February 25, 2009, with the assistance of counsel, Petitioner Michael Adam Carneal

filed this habeas action pursuant to 28 U.S.C. § 2254 challenging his state-court conviction and

sentence.  By Order signed April 20, 2009 (DN 8), the Court directed Respondent to answer the

petition within forty days.  On June 1, 2009, Respondent filed a motion to dismiss asserting that

the petition was untimely (DN 10).  Carneal filed a response to the motion that included as an

exhibit a six-page "supplemental report" by Dewey G. Cornell, Ph.D., dated October 26, 2009

(DN 17).  The supplemental report has not previously been submitted to any federal or state

court.  Respondent has now moved the Court to strike Carneal's response to the motion to

dismiss (including the supplemental report) (DN 21).  In response, Carneal has moved the Court

to enlarge the record to include the supplemental report (DN 23).  Respondent also seeks an

extension of time to file a reply in support of its motion to dismiss pending the Court's resolution

of the above two motions.

Dr. Cornell's supplemental report primarily summarizes and clarifies portions of his

May 31, 2004, psychological evaluation of Carneal.  The May 2004 evaluation was submitted to

the Kentucky state courts in support of Carneal's post-conviction motions.  Specifically, in the

supplemental report Dr. Cornell clarifies that it is unequivocally his professional opinion that

"Michael Carneal's schizophrenic mental illness at the time of the offense caused him to lack

substantial capacity to appreciate the criminality of his conduct and to conform his conduct to

the requirements of the law."  He further explains that "Michael's schizophrenic mental illness

prevented him from sharing information with me that would have supported an insanity

defense."  Dr. Cornell explains that following his conviction and subsequent incarceration:

> Michael developed gradual insight that his hallucinations were not real and found
> that he could substantially ignore or resist his hallucinations in late 2003 when he
> began taking the medication Zyprexa.  It would not be reasonable to expect an
> individual suffering from schizophrenia and who lacks insight that his symptoms
> are unreal to recognize that his decision to plead guilty was not a competent
> decision because those same symptoms thwarted his ability to understand his case
> in a rational manner.  It would likewise not be reasonable to expect an individual
> suffering from schizophrenia and lacking insight that his symptoms are unreal to
> make a timely appeal of his conviction, when the appeal is predicated on the
> realization that his symptoms indicated the presence of mental illness that would
> support an insanity defense.  In other words, a person cannot possibly know to
> appeal his case based on the presence of delusions and hallucinations he does not
> know are unreal.  Only when he is able to apprehend that his illness exists and to
> resist the effects of his illness can he assert that his illness prevented him from
> making rational decisions about his case.  Unfortunately, it appears that Michael
> did not achieve sufficient insight into his own illness until sometime in late 2003.

(DN 20).

Citing *Holland v. Jackson*, 542 U.S. 649 (2004), Respondent contends that Carneal is

limited to the evidence presented in the state court proceeding, and therefore, may not rely on

Dr. Cornell's October 2009 supplemental report.  However, *Holland* involved only the

application of 28 U.S.C. § 2254(e)(2).[1]  The Supreme Court has held that § 2254(e)(2) does not

---

[1]Section 2254(e) provides:
(1) In a proceeding instituted by an application for a writ of habeas corpus by a
person in custody pursuant to the judgment of a State court, a determination of a
factual issue made by a State court shall be presumed to be correct. The applicant
shall have the burden of rebutting the presumption of correctness by clear and
convincing evidence.

2

address "a first federal habeas petition seeking consideration of defaulted claims based on a showing of actual innocence," and that the standard of review in § 2254(e)(2) does not apply to an actual innocence claim. *House v. Bell*, 547 U.S. 518, 539 (2006).  Moreover, "[a]s noted by the Third Circuit,

§ 2254(e)(2)'s use of the term 'claim' applies to 'a substantive request for the writ of habeas corpus' rather than to an excuse for procedural default." *McSwain v. Davis*, 287 F. App'x 450, 459 (6th Cir. 2008) (citing *Cristin v. Brennan*, 281 F.3d 404, 418-19 (3d Cir. 2002) and *Vineyard v. Dretke*, 125 F. App'x 551, 554 (5th Cir. 2005)).

At this juncture one issue is before the Court--whether, as a matter of law, Carneal's petition is time-barred.  Carneal argues that more recent psychiatric evaluations show that he was in the early stages of schizophrenia at the time of his offense and that he was hearing voices that directed him to commit the crimes in question in 1997.  He further contends that these same voices prevented him from effectively participating in his defense until sometime in late 2003 when he began taking a more powerful medication.  Carneal argues that because of his precarious mental state, the statute of limitations under the AEDPA should be tolled.  He also asserts a claim of actual innocence based on the new psychological evaluations opining that he

---

(2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that--
   (A) the claim relies on--
   (I) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
   (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
   (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

3

was legally insane at the time he committed the crimes in question.[2]  There is no question that certain portions of the supplemental report relate to the underlying merits of Carneal's claim for habeas relief.  However, this is an unavoidable consequence in this litigation because Carneal's substantive claim is inextricably interwoven with the timeliness issue.

The Supreme Court has made clear that this Court is permitted to look outside the state court record to determine procedural issues, like timeliness independent of 28 U.S.C. § 2254(e)(2).  *See House*, 547 U.S. at 539.  In fact, as numerous federal courts have recognized, factors going to the applicability of equitable tolling or actual innocence "are usually outside of the record and often will not be fully addressed in the petition."  *Acosta v. Artuz*, 221 F.3d 117, 125 (2d Cir. 2000); *see also Schulup v. Delo*, 513 U.S. 298 (1995) (considering affidavits submitted by witnesses for the first time on habeas review in reviewing claim of actual innocence); *Campostrini v. Martel*, No. CIV S-07-2132, 2009 U.S. Dist. LEXIS 54410 (E.D. Cal. June 25, 2009) (expanding record to include medical records in order to determine timeliness of the petition); *Rodriguez v. Marshall*, No. 1:05-CV-0230, 2009 U.S. Dist. LEXIS 45940 (E.D. Cal. May 20, 2009) (expanding the record to include information related to efforts petitioner made to contact counsel to resolve equitable tolling claim.  Thus, the fact that the supplemental report was not submitted to the state court is of no consequence to the matter at hand.  *See McSwain*, 287 F. App'x at 457 ("We agree with McSwain that because equitable tolling is a defense to a federal statute of limitations applied to a federal habeas petition, it would not generally make sense to require a petitioner to develop the factual basis of her equitable

---

[2]With the exception of the supplemental report at issue, these evaluations were submitted to the state courts in connection with Carneal's post-conviction motions and ensuing appeals.

4

tolling argument in state court proceedings.").

Rule 7 of the Rules Governing Section 2254 Cases permits a habeas petitioner to supplement the record by "submitting additional materials relating to the petition. . . . [T]he materials that may be required include letters predating the filing of the petition, documents, exhibits, and answers under oath to written interrogatories propounded by the judge.  Affidavits may also be submitted and considered as part of the record."  The 2004 Advisory Committee notes explain that revisions were made to the rule to remove the reference to the "merits" of the petition in subsection (a) of the Rule "in the recognition that a court may wish to expand the record in order to assist it in deciding an issue other than the merits of the petition."  Thus, the Advisory Committee Notes acknowledge that a Court may expand the record to resolve preliminary issues such as those before this Court.  "The decision of whether to expand the record . . . is within the sound discretion of the district court."  *West v. Bell*, 550 F.3d 542, 551 (6th Cir. 2008) (citing *Ford v. Seabold*, 841 F.2d 677, 691 (6th Cir. 1988)).

The Court has reviewed Dr. Cornell's supplemental report and concludes that it constitutes evidence that appears to be related to issues of equitable tolling and actual innocence. Further, it arguably clarifies portions of the 2004 report that are relevant to understanding and resolving the issues currently before the Court.  Accordingly, **IT IS HEREBY ORDERED** that:

Respondent's motion to strike Petitioner's response to the motion to dismiss (including its exhibits) (DN 21) is **DENIED**.

Petitioner's motion to expand the record to include the October 26, 2009, supplemental report prepared by Dewey G. Cornell, Ph.D. (DN 23) is **GRANTED**.

Respondent's motion for an extension of time to file a reply (DN 21) is **GRANTED**.

5

**Respondent shall file its reply in support of its motion to dismiss no later than January 29, 2010.**

Date:

cc:      Counsel of record

4413.008