UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:09CV-P32-R

MICHAEL ADAM CARNEAL                                          PETITIONER

v.

J. DAVID DONAHUE WARDEN                                       RESPONDENT

## MEMORANDUM OPINION AND ORDER

On February 25, 2009, with the assistance of counsel, Petitioner Michael Adam Carneal filed this habeas action pursuant to 28 U.S.C. § 2254 challenging his state-court conviction and sentence. Respondent has filed a motion to dismiss asserting that the petition is untimely (DN 10). The motion to dismiss has been fully briefed by the parties and is before the Court for decision. Also before the Court is Petitioner's motion seeking an evidentiary hearing on the timeliness issue (DN 24).

In his habeas petition, Carneal argues that more recent psychiatric evaluations show that he was in the early stages of schizophrenia at the time of his offense and that he was hearing voices that directed him to commit the crimes in question in 1997. He further contends that these same voices prevented him from effectively participating in his defense until sometime in late 2003 when he began taking a more powerful medication. Carneal argues that because of his precarious mental state, the statute of limitations under the AEDPA should be tolled. He also asserts a claim of actual innocence based on the new psychological evaluations opining that he was legally insane at the time he committed the crimes in question.

Since the one-year limitations period under the AEDPA "is not jurisdictional a petitioner who misses a deadline may still maintain a viable habeas action if the court decides that

equitable tolling is appropriate." *See Griffin v. Rogers*, 399 F.3d 626, 631 (6th Cir. 2005). In order to be entitled to equitable tolling, Carneal has "the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408 (2005). Recently, the Sixth Circuit summarized the applicability of equitable tolling with respect to claims involving mental disease:

> Although the mental incapacity of the petitioner can warrant the equitable tolling of the statute of limitations, the district court properly determined that mental incompetence is not a *per se* reason to toll a statute of limitations. *See Nara v. Frank*, 264 F.3d 310, 320 (3d Cir. 2001), *overruled in part on other grounds by Carey v. Saffold*, 536 U.S. 214 (2002); *Lake v. Arnold*, 232 F.3d 360, 371 (3d Cir. 2000). In order to be entitled to equitable tolling the petitioner must make a threshold showing of incompetence and must also demonstrate that the alleged incompetence affected her ability to file a timely habeas petition. *See Laws v. Lamarque*, 351 F.3d 919, 923 (9th Cir. 2003) ("Where a habeas petitioner's mental incompetence in fact caused him to fail to meet the AEDPA filing deadline, his delay was caused by an 'extraordinary circumstance beyond [his] control,' and the deadline should be equitably tolled."); *Nara*, 264 F.3d at 320 ("[T]he alleged mental incompetence must somehow have affected the petitioner's ability to file a timely habeas petition."); *Nowak v. Yukins*, 46 F. App'x 257, 259 (6th Cir. 2002) (holding that the incapacity of the petitioner can warrant the equitable tolling of the statute of limitations where the petitioner makes a threshold showing of incompetence and demonstrates that the incompetence affected her ability to file a timely habeas petition).

*McSwain v. Davis*, 287 F. App'x 450, 456 (6th Cir. 2008).

Carneal has presented at least a colorable argument that equitable tolling/actual innocence applies in this case based on his alleged mental incompetency. The record in this case contains evidence that could tend to suggest that Carneal was not competent to enter a guilty plea, and that his incompetence also prevented him from timely filing his state-court petition, and in turn, his habeas petition. The state court did not conduct an evidentiary hearing and as Respondent asserts in its reply in support of its motion to dismiss, the affidavits submitted by Carneal have not been subjected to cross-examination.

In response to Carneal's request for an evidentiary hearing, Respondent argues only that this Court is limited to the evidence presented in the state-court proceeding. However, as previously recognized by this Court in ruling on Respondent's motion to strike, this Court is permitted to look outside the state-court record to determine procedural issues, like timeliness, independent of 28 U.S.C. § 2254(e)(2). *See House v. Bell*, 547 U.S. 518, 539 (2006). Furthermore, a court may conduct an evidentiary hearing to determine whether equitable tolling applies. *See Keenan v. Bagley*, 400 F.3d 417, 422 (6th Cir. 2005) ("Whether this case presents one of those rare occasions in which equitable tolling under AEDPA is proper is an issue appropriately handled by the district court in the course of an evidentiary hearing."). Based on the record thus far, the Court finds an evidentiary hearing would allow Carneal the opportunity to fully develop his claim of equitable tolling and is necessary for the Court to properly decide the pending motion to dismiss. Accordingly, **IT IS ORDERED** as follows:

Petitioner's motion for an evidentiary hearing (DN 24) is **GRANTED**. The Court will enter a separate Order setting a hearing date after consultation with the parties.

Respondent's motion to dismiss (DN 10) is **REMANDED** from the Court's active docket until such time as an evidentiary hearing has been conducted. The Clerk of Court is **DIRECTED** to reinstate the motion to dismiss at the completion of the evidentiary hearing and any associated briefing.

Date:

cc:  Counsel of record

4413.008