UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:09CV-P32-R

MICHAEL ADAM CARNEAL                                              PETITIONER

v.

COOKIE CREWS                                                      RESPONDENT

## MEMORANDUM AND ORDER

This matter is before the Court on four motions: Respondent's motion to compel the mental examination of Petitioner Michael Adam Carneal (DN 44); Respondent's motion for an extension of time until November 15, 2010,[1] to file additional expert reports (DN 45); Respondent's motion to compel compliance with Fed. R. Civ. P. 26(a)(2) (DN 46); and Respondent's motion pursuant to Rule 6(a) of the Rules Governing Section 2254 Cases in the United States District Courts to invoke Federal Rules of Civil Procedure 33, 34, 36 and 45 (DN 47). Fully briefed, the motions are ripe for decision.

The Court addresses the motions in what it perceives to be the most logical and efficient order possible:

**Respondent's motion to invoke Federal Rules of Civil Procedure 33, 34, 36 and 45 (DN 47)**

Respondent asserts a need to utilize the various methods of discovery provided by Federal Rules of Civil Procedure 33, 34, 36 and 45, to be able to effectively prepare for the

---

[1]Under the Court's current Scheduling Order, additional expert reports are due on September 17, 2010.

upcoming evidentiary hearing.[2]  "Petitioner does not object to an order specifically stating that the Rules of Civil Procedure apply, [however he] would propose that any order entered by this Court provide simply that the Rules of Civil Procedure apply, without limiting the order to the specific rules requested by the [Respondent]."

Federal Rule of Civil Procedure 81(a)(4) provides that the Rules apply to habeas cases "to the extent that the practice in those proceedings is not specified in a federal statute, the Rules Governing Section 2254 Cases, or the Rules Governing Section 2255 Cases and has previously conformed to the practice in civil actions."  Thus, it is unnecessary to order that all the Federal Rules of Civil Procedure apply as requested by Petitioner.  However, discovery is one area where the practice for a § 2254 case is specified.  Thus, the discovery rules do not automatically apply to this proceeding.

Rule 6 of the Rules Governing Section 2254 Cases in the United States District Courts applies to discovery in habeas cases  It states:

> Rule 6.  Discovery
> (a) Leave of court required.  A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery.  If necessary for effective discovery, the judge must appoint an attorney for a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A.
>
> (b) Requesting discovery.  A party requesting discovery must provide reasons for the request. The request must also include any proposed interrogatories and requests for admission, and must specify any requested documents.
>
> (c) Deposition expenses. If the respondent is granted leave to take a deposition, the

---

[2]Additionally, Respondent also filed separate motions requesting a mental examination of Petitioner pursuant to Fed. R. Civ. P. 35 and that the parties be required to exchange expert reports under Fed. R. Civ. P. 26(a)(2).  Thus, the Court presumes that Respondent also desires the Court to invoke these discovery rules in addition to the Rules enumerated in the motion.

judge may require the respondent to pay the travel expenses, subsistence expenses, and fees of the petitioner's attorney to attend the deposition.

Based on the prior teleconferences the Court has conducted with the parties, the record, and the instant motion, the Court finds that there is good cause to allow the parties to engage in limited discovery on issues relevant to Respondent's pending motion to dismiss. Specifically, the state court did not conduct an evidentiary hearing on these issues, and the parties have not previously engaged in discovery as related to these issues. Permitting discovery should help better define and streamline the proof that will ultimately be introduced at the hearing. Accordingly, **IT IS ORDERED** that:

Respondent's motion (DN 47) is **GRANTED**. **IT FURTHER ORDERED** that the parties are permitted to take discovery pursuant to Federal Rules of Civil Procedure 33, 34, 36, and 45 without obtaining further leave of Court to do so. The parties may also depose one another's proposed expert witnesses pursuant to Fed. R. Civ. P. 30 prior to the evidentiary hearing should they desire to do so. Additionally, any mental examination of Petitioner by Respondent shall be conducted pursuant to Fed. R. Civ. P. 35. The parties shall exchange expert witness reports pursuant to Fed. R. Civ. P. 26(a)(2). Discovery disputes shall be resolved pursuant to Fed. R. Civ. P. 37.

**Respondent's motion to compel the mental examination of Petitioner (DN 44)**

Respondent is requesting the Court to order Petitioner to submit to a mental examination. Petitioner and Respondent generally agree on the timing, location, length, scope, and manner of the examination. The only point of contention is Petitioner's request that the examination be recorded. Petitioner claims that the recording "would allow Petitioner's experts to evaluate the then current mental state of Petitioner at the time of the examination."

Federal Rule of Civil Procedure 35 neither expressly permits nor prohibits recording a psychological examination. A review of the case law interpreting and applying Rule 35, however, reveals that most federal courts do not routinely permit video or audio recording to be incorporated into mental examinations. *See Morrison v. Stephenson*, 244 F.R.D. 405, 407-08 (S.D. Ohio 2007). Additionally, Petitioner's prior mental examinations were not recorded or made available to the opposing party in this case. It would seem unfair to allow Petitioner use of recordings to support his case, yet not provide similar recordings of prior mental examinations to Respondent. Additionally, pursuant to Rule 35(b)(2), Respondent will be required to turn over to Petitioner "the results of any tests" administered to Petitioner during the examination. Presumably, Petitioner's experts can assess his mental state at the time of examination by reviewing those results and comparing them to previous, similar testing done on Petitioner. *See Morrison*, 244 F.R.D. at 408 ("[T]he examined party has adequate remedies through proper preparation for the examination itself, through review of the Rule 35 report, through the deposition of the examiner, and through cross examination at trial to point out prejudice [in the examination]."). Accordingly, **IT IS ORDERED** that:

Respondent's motion (DN 44) is **GRANTED**. Petitioner is **ORDERED TO SUBMIT** to a mental examination pursuant to Federal Rule of Civil Procedure 35. The mental examination will occur sometime between September 16, 2010, and October 22, 2010. The examination will take place at the Kentucky State Reformatory, where Petitioner is currently housed. The examination will take approximately six hours, and will take place over a one to two day period. Drs. Charles R. Clark and Elissa P. Benedek will perform the mental examination, which will consist of a battery of tests designed to evaluate Mr. Carneal's criminal

responsibility, insanity, and competency both to stand trial as well as his competency to appreciate his own mental state since his guilty plea. Respondent is **not** required to record the examination for Petitioner.

**Respondent's motion to compel compliance with Fed. R. Civ. P. 26(a)(2) (DN 46)**

Petitioner has already been examined by two individuals that he indicated in the Court's previous teleconference that he would call as expert witnesses in the evidentiary hearing, Drs. Schetky and Cornell. Respondent is seeking to have this Court compel Petitioner to produce expert reports from these witnesses that comply with Fed. R. Civ. P. 26(a)(2). Respondent in turn states that it will produce a Fed. R. Civ. P. 26(a)(2) report of its expert to Petitioner. Petitioner does not object to the exchange of expert reports. The only dispute the parties have is the timing of the reports. Respondent requests that Petitioner be ordered to turn over expert reports by October 1, 2010, and Respondent to produce its report by November 15, 2010. Petitioner argues that the reports should be simultaneously exchanged on November 9, 2010.

Based on the unique procedural posture of this case, the fact that Drs. Schetky and Cornell have already examined Petitioner and rendered their preliminary opinions, and the limited scope of the evidentiary hearing, the Court finds that the general procedure set out by Respondent would be the most efficient and logical manner to proceed. However, in fairness to both parties and in effort to keep this matter on schedule, slight modifications to Respondent's requested dates are necessary. Accordingly, **IT IS ORDERED** that:

Respondent's motion (DN 46) is **GRANTED in PART and DENIED in PART. IT IS FURTHER ORDERED** that the parties shall exchange expert reports pursuant to Fed. R. Civ. P. 26(a)(2). Petitioner shall file expert reports related to Drs. Schetky and Cornell by **October 1,**

**2010.** Respondent shall file its expert report by **November 1, 2010.**

**<u>Respondent's motion for an extension of time to file additional expert report (DN 45)</u>**

Under the current Scheduling Order, Respondent has until September 17, 2010, to file an additional expert report with the Court. Respondent states that Dr. Charles R. Clark, who previously examined Petitioner in 1998, has been engaged to re-evaluate him. Respondent has produced an affidavit from Dr. Clark stating that due to travel, prior engagements, and the nature of the examination that it would be impossible for him to produce a report by the September 17, 2010, deadline. Petitioner does not object to the requested extension. However, he argues that should the Court grant the Respondent an extension, the date for rebuttal expert reports should be extended to December 15, 2010. Respondent objects to Petitioner's request arguing that it is five days past the date when all *Daubert* motions are to be filed.

It is apparent that Respondent is unable to comply with the current deadline for additional expert reports. It is equally apparent that if Respondent is granted an extension, fairness dictates that the remaining dates must be shifted so Petitioner is allowed a reasonable amount of time to review Respondent's expert report, engage in discovery related to the report, and to obtain a rebuttal expert, if necessary. It is impossible to provide both parties with all of the time that they are requesting and still maintain the February 7, 2011, hearing date, a priority acknowledged by both parties. Some compromise is necessary on both sides. Accordingly, **IT IS ORDERED** that:

Respondent's motion (DN 45) is **GRANTED in PART and DENIED in PART**. Respondent is **GRANTED** an **EXTENSION** until **November 1, 2010**, to file any additional expert reports. **<u>IT IS FURTHER ORDERED that the Court's Scheduling Order entered on</u>**

**July 28, 2010 (DN 41), is MODIFIED as follows**:

1. Petitioner shall file the expert reports of Drs. Schetky and Cornell pursuant to Fed. R. Civ. P. 26(a)(2) by **October 1, 2010.**

2. Any additional expert reports shall be filed by **November 1, 2010.** Likewise, these reports must conform with the requirements of Fed. R. Civ. P. 26(a)(2).

3. Rebuttal expert reports shall be filed by **December 1, 2010.**

4. All Discovery shall be filed by **December 31, 2010.**

5. Any *Daubert* motions shall be filed by **December 31, 2010**, with any responses filed by **January 15, 2011**, and any replies by **January 20, 2011**. Respondent shall notify the Court in writing, with copies to opposing counsel, when the issue is ripe for a decision.

6. The parties shall file pre-hearing and briefing statements by **January 25, 2011**, with any responses by **January 30, 2011**.

7. Any evidentiary motions shall be filed by **January 25, 2011**.

The telephonic status conferences and the evidentiary hearing remain scheduled as set forth in the Court's previous Scheduling Order (DN 41).

Date:

cc: Counsel of record

4413.008