UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:09CV-P32-R

**MICHAEL ADAM CARNEAL**                                                                 **PETITIONER**

v.

**COOKIE CREWS, WARDEN**                                                                **RESPONDENT**

## MEMORANDUM AND ORDER

This matter is before the Court on Respondent's Emergency Motion for Relief from the Court's Prior Order Granting an Evidentiary Hearing (DN 65). Fully briefed, the motion is ripe for decision.

Respondent asserts that in response to the Court's September 10, 2010, Order, Carneal recently produced several hundred pages of documents, including a series of letters between Carneal and Dr. Cornell that were written in the latter part of 2002. Respondent argues that the letters unequivocally prohibit Carneal from succeeding on the substantive merits of this action because they prove that even if equitable tolling applies, Carneal's motion is barred by the one-year statute of limitations under the AEDPA. As such, Respondent asserts that a full evidentiary hearing is unnecessary. In particular, Respondent asserts that the letters render its upcoming mental examination of Carneal moot and therefore a waste of taxpayer dollars.

Carneal counters that while the letters may reveal a "moment of lucidity," they do not demonstrate that he achieved the type of "sustained period of competency" necessary to effectively pursue his claims. Carneal maintains that the letters are merely a part of a multifaceted examination into his mental state while incarcerated and must be considered by the Court in context.

While on their face the letters appear to be strong evidence in favor of Respondent's position, Carneal should have the opportunity to develop his claim of equitable tolling in a full evidentiary hearing as previously ordered by the Court. In the upcoming hearing, the Court can consider the letters and Carneal's explanation of their significance in the full context. It is important to note, that the Court's prior Order *permitted* Respondent to engage in certain discovery prior to the hearing, mainly to take a mental examination of Carneal. To be clear, however, the Court's Order does not *require* such an examination. In light of the letters, Respondent is free to forego the examination thereby saving taxpayer dollars, if the Commonwealth deems it appropriate to do so. That is a decision best made by the Commonwealth. The Court, however, will not prematurely decide this issue based on the incomplete record currently before it. The decision and its implications are far too important to make on anything less than a complete record after a full evidentiary hearing as previously ordered by the Court.

Accordingly, for the reasons set forth above, Respondent's Emergency Motion for Relief from the Court's Prior Order Granting an Evidentiary Hearing (DN 65) is **DENIED**. All prior dates set by the Court remain in effect.

Date:


cc: Counsel of record

4413.008